**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| GRADY TAYLOR, JR, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 5:26-cv-18-CAR-AGH |
| SHERIFF JOEL COCHRAN, | : | |
| Defendants. | : | |

## ORDER AND RECOMMENDATION

In accordance with the Court's orders and instructions, *pro se* Plaintiff Grady Taylor, Jr., an inmate at the Jefferson County Correctional Institute in Louisville, Georgia, paid the initial partial filing fee for this case on March 12, 2026. Plaintiff also filed a motion requesting that the Court "pull grievances" from another one of his cases (ECF No. 7) and a second motion for appointed counsel (ECF No. 8). For the following reasons, Plaintiff's conditions-of-confinement claims against Defendant Cochran shall proceed. It is **RECOMMENDED**, however, that Plaintiff's remaining claims be **DISMISSED without prejudice**. Plaintiff's motion to "pull grievances" is **DENIED as moot**, and his motion for appointed counsel is **DENIED.**

## MOTION FOR APPOINTED COUNSEL

Plaintiff again seeks appointed counsel. As was previously explained to Plaintiff, "[a]ppointment of counsel in a civil case is not a constitutional right."

*Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990); *See* Order 4, Feb. 17, 2026, ECF No. 5. "A court's appointment of counsel in a civil case is warranted only in exceptional circumstances, and whether such circumstances exist is committed to the district court's discretion." *Smith v. Fla. Dep't of Corr.*, 713 F.3d 1059, 1063 (11th Cir. 2013) (citation omitted). In finding whether a case presents extraordinary circumstances, the Court considers

> (1) the type and complexity of the case; (2) whether the plaintiff is capable of adequately presenting his case; (3) whether the plaintiff is in a position to adequately investigate the case; (4) whether the evidence 'will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination'; and (5) whether the appointment of counsel would be of service to the parties and the court 'by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination.' The District Court may also inquire into whether the plaintiff has made any effort to secure private counsel.

*DeJesus v. Lewis*, 14 F.4th 1182, 1204-05 (11th Cir. 2021) (citation omitted).

When the Court considers Plaintiff's second motion in light of these factors, there is nothing that persuades the Court appointment of counsel is now warranted. Plaintiff's second motion for appointed counsel is **DENIED**, and he is again advised that if the Court later determines that counsel is required to avoid prejudice to Plaintiff's rights, it will consider assisting him in securing legal counsel at that time. Thus, Plaintiff need not file any additional motions for appointed counsel.

## PRELIMINARY SCREENING OF PLAINTIFF'S COMPLAINT

### I. Standard of Review

The Prison Litigation Reform Act ("PLRA") directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. 28 U.S.C. § 1915A(a). Courts must also screen complaints filed by a plaintiff proceeding IFP. 28 U.S.C. § 1915(e). Both statutes apply here, and the standard of review is the same. "*Pro se* filings are generally held to a less stringent standard than those drafted by attorneys and are liberally construed." *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted). On preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (citations omitted). A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process. *See Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *See Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support, the complaint is subject to dismissal. *See, e.g.*, *Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc).

## II. Factual Allegations

Plaintiff's allegations arise from his time in the Washington County Jail from June 2023 through August 2023. Compl. 7, ECF No. 1. According to the

Complaint, Defendant Joel Cochran, the sheriff of Washington County, Georgia, "was negligent" and failed to take "action regarding a campaign of harassment done to [Plaintiff] by his staff and violation of [Plaintiff's] rights." *Id.* at 5. Plaintiff states he was placed in restricted housing for 33 days in retaliation for filing another lawsuit and "to stop [him] from contacting NAACP and the Southern Center [for] Human Rights." *Id.* He also states he was "intentionally put in a dehumanizing inhumane cell with feces on the floor and hadn't been cleaned in years," including after another inmate died in the cell. *Id.* at 7. He also briefly mentions that he was "tortured" and that his equal protection rights were violated. *Id.* Plaintiff contends that because Defendant "Cochran is the sheriff its [sic] nothing that goes on in his jail that he don't know about and he is well aware of" the retaliation against Plaintiff. *Id.* at 6. Plaintiff thus contends Defendant Cochran violated his constitutional rights. *Id.* at 10.

## III. Plaintiff's Claims

### A. Conditions of Confinement

First, Plaintiff's claim that he was exposed to human waste for more than a month could give rise to a potential constitutional claim. Conditions of confinement imposed prior to conviction are reviewed pursuant to the Fourteenth Amendment's Due Process Clause rather than the Eighth Amendment's Cruel and Unusual Punishment Clause, which is applicable to convicted prisoners. *See Hamm v. Dekalb Cnty.*, 774 F.2d 1567, 1572 (11th Cir. 1985). The standard with respect to

providing pretrial detainees with basic necessities while incarcerated, however, is the same standard as required by the Eighth Amendment for convicted persons. *Id.* at 1574. Thus, to state a conditions-of-confinement claim, a prisoner must show that the deprivations he suffers are objectively and sufficiently "serious" or "extreme" so as to constitute a denial of the "minimal civilized measure of life's necessities." *Thomas v. Bryant*, 614 F.3d 1288, 1304 (11th Cir. 2010) (quotation marks and citation omitted). This standard is only met when the challenged conditions present "an unreasonable risk of serious damage to [the prisoner's] future health or safety," or if "society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk." *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (quoting *Helling v. McKinney*, 509 U.S. 25, 35-36 (1993). A prisoner must also show that prison officials acted with subjective deliberate indifference, *i.e.*, that each official (1) "was subjectively aware that the inmate was at risk of serious harm"; (2) "disregarded that risk"; and (3) "acted with 'subjective recklessness as used in the criminal law[.]'" *Wade*, 106 F.4th at 1255 (citing *Hoffer v. Sec'y, Fla. Dep't of Corr.*, 973 F.3d 1263, 1270 (11th Cir. 2020); *Farmer v. Brennan*, 511 U.S. 825, 839 (1994)).[1]

While the factual allegations related to these claims are relatively sparse, the

[1] The Eleventh Circuit continues to use the subjective deliberate indifference standard unless a pretrial detainee is asserting an excessive force claim. *See Swain v. Junior*, 961 F.3d 1276, 1285 n.4 (11th Cir. 2020).

Court cannot say Plaintiff's conditions-of-confinement claims are frivolous. It is well-established that inmates have a right "not to be confined . . . in conditions lacking basic sanitation." *Chandler v. Baird*, 926 F.2d 1057, 1065-66 (11th Cir. 1991). Indeed, the Eleventh Circuit recognizes that "[e]xposure to human waste," implicates "health concerns" as well as "the more general standards of dignity embodied in the Eighth Amendment." *Brooks v. Warden*, 800 F.3d 1295, 1304 (11th Cir. 2015) (quoting *DeSpain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001)). Thus, "[a]llegations of unhygienic conditions, when combined with the jail's failure to provide detainees with a way to clean for themselves with running water or other supplies" may state a claim for relief. *Budd v. Motley*, 711 F.3d 840, 843 (7th Cir. 2013); *see also Howard v. Adkinson*, 887 F.2d 134, 137 (8th Cir. 1989) (holding that inmate who "was placed in a cell covered with filth and human waste," whose "requests for remedial measures went unheeded," and who "was denied access to proper cleaning supplies" stated a constitutional claim). Plaintiff also suggests Defendant Cochran knew of the conditions because he received numerous grievances filed by Plaintiff and acknowledged he "didn't care about" them. Compl. 6; *see Johnson v. Lewis*, 83 F.4th 1319, 1329 (11th Cir. 2023) (holding genuine issues of material fact existed as to state medical director's subjective knowledge of prisoner's medical condition where director's signature appeared on denial of prisoner's grievances). At this early stage, these allegations are sufficient to permit Plaintiff's conditions-of-confinement claims against Defendant Cochran to proceed for further factual development.

B. Retaliation Claims

Plaintiff also suggests he was placed in "inhumane" conditions of confinement because he filed a prior lawsuit. Compl. 6. An adverse action imposed in retaliation for a prisoner's exercise of a constitutionally protected right is actionable. *See Wildberger v. Bracknell*, 869 F.2d 1467, 1468 (11th Cir. 1989). To state a retaliation claim, an inmate generally needs to show he engaged in protected conduct; the prison official's retaliatory conduct adversely affected the protected conduct; and a causal connection between the protected conduct and the adverse action. *See, e.g., Moton v. Cowart*, 631 F.3d 1337, 1341 (11th Cir. 2011). Although an inmate generally has no constitutional right to be housed in a particular prison or unit, prison officials may not transfer an inmate in retaliation for complaining about the conditions of his confinement. *See Williams v. Brown*, 347 F. App'x 429, 435 (11th Cir. 2009).

Plaintiff has not alleged any facts that could suggest Defendant Cochran or his staff retaliated against Plaintiff for complaining about his confinement conditions. Plaintiff does not identify which "prior lawsuit" he was retaliated against for filing, state when he filed any such lawsuit, or allege he was treated differently than other prisoners. *See, e.g., Thaddeus-X v. Blatter*, 175 F.3d 378, 399 (6th Cir. 1999) ("[c]ircumstantial evidence, like the timing of events or the disparate treatment of similarly situated individuals" may be used to establish a retaliatory motive).

Absent any specific facts that could show Defendant Cochran or his subordinates had a retaliatory motive, he has failed to state an actionable retaliation claim. Any retaliation claim he is attempting to assert in this case must therefore be dismissed.

C. Access-to-Courts Claims

Plaintiff also appears to suggest Defendant Cochran impeded his right to access the courts by preventing him from contacting the NAACP or the Southern Center for Human Rights. Compl. 6. He also mentions he was denied access to the law library while he was housed in the booking area. *Id.* Even assuming, without deciding, that Plaintiff's constitutional rights were implicated by these actions, he failed to state a constitutional claim. "Access to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment." *Chappell v. Rich*, 340 F.3d 1279, 1282 (11th Cir. 2003) (citations omitted). "To have standing to seek relief under this right, however, a plaintiff must show actual injury by 'demonstrat[ing] that a nonfrivolous legal claim ha[s] been frustrated or . . . impeded.'" *Jackson v. State Bd. of Pardons & Paroles*, 331 F.3d 790, 797 (11th Cir. 2003) (alterations and omission in original) (citation omitted). "The injury requirement means that the plaintiff must have an underlying cause of action the vindication of which is prevented by the denial of access to the courts." *Cunningham v. Dist. Attorney's Office for Escambia Cnty.*, 592 F.3d 1237, 1271 (11th Cir. 2010). "Examples of actual injury include missing filing deadlines or being prevented from

presenting claims." *Denney v. Nelson*, 304 F. App'x 860, 863 (11th Cir. 2009) (internal quotation marks and citation omitted).

Plaintiff fails to state an actionable access-to-courts claim as he has not pled facts sufficient to show an actual injury. He failed to identify any claims that were impeded by Defendant Cochran's alleged actions in enough detail to determine whether they were "frivolous or arguably had some merit." *Allen v. St. John*, 827 F. App'x 1002, 1005 (11th Cir. 2020). Any access-to-courts claim Plaintiff is trying to raise should thus be dismissed without prejudice. *See id.* (affirming dismissal of access-to-courts claim where plaintiff "did not state in his amended complaint the underlying claims from his earlier lawsuit" defendants' conduct allegedly interfered with); *see also Daker v. Warren*, 660 F. App'x 737, 741 (11th Cir. 2016) (failed to state access-to-courts claim where he did not "explain[] how he had colorable claims for relief that he could have asserted but for the alleged lack of access to the courts").

D. Due Process Claims

Plaintiff also suggests Defendant Cochran violated his due process rights because he did not respond appropriately to his grievances. Compl. 6. But Plaintiff does not have any due process right to access a prison's grievance procedure or have those procedures properly followed. *See, e.g., Bingham*, 654 F.3d at 1177 (affirming dismissal of prisoner's claims he was denied use of prison's grievance procedure); *Dunn v. Martin*, 178 F. App'x 876, 878 (11th Cir. 2006) (prison officials' failure to respond to prisoner's letters and grievances and to follow prison regulations

regarding grievance responses not implicate due process). Plaintiff has thus failed to state a due process claim against Defendant Cochran concerning the handling of his grievances, and any such claim should be dismissed without prejudice.

E. Equal Protection Claims

Plaintiff also briefly mentions that his equal protection rights were violated because he was discriminated against. Compl. 7. The Equal Protection Clause of the Fourteenth Amendment provides: "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. It "is essentially a direction that all persons similarly situated should be treated alike, and simply keeps governmental decisionmakers from treating differently persons who are in all relevant respects alike[.]" *Adams by and through Kasper v. Sch. Bd. of St. Johns Cnty.*, 57 F.4th 791, 800-01 (11th Cir. 2022) (internal quotation marks and citations omitted). To state an equal protection claim, a plaintiff may provide direct evidence of intentional discrimination. *See Johnson v. Johnson*, 385 F.3d 503, 531 (5th Cir. 2004). It is more common, however, for a plaintiff to attempt to rely on evidence that similarly situated persons—or "comparators"—have been treated disparately through state action. *Williams v. Sec'y for Dep't of Corr.*, 131 F. App'x 682, 685-86 (11th Cir. 2005). The fact "that two groups received different treatment . . . can support an inference that the decisionmaker purposefully engaged in discrimination." *Johnson*, 385 F.3d at 531. Plaintiff points to no direct or circumstantial evidence of discrimination. He merely states he has been

discriminated against without any additional facts. As such, he has failed to state an actionable equal protection claim, and any such claims should be dismissed.

## IV. Conclusion

For the foregoing reasons, Plaintiff's conditions-of-confinement claims against Defendant Cochran shall proceed for further factual development, but it is **RECOMMENDED** that Plaintiff's remaining claims be **DISMISSED without prejudice.** Plaintiff's motion for appointed counsel (ECF No. 8) is also **DENIED**. Discovery will proceed as set forth below. Plaintiff's motion requesting that the Court locate grievances filed in another case and re-file them in this case (ECF No. 7) is therefore **DENIED** as moot. It is unclear to which documents Plaintiff refers, and Plaintiff may seek copies of any relevant grievances during the discovery process.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable C. Ashley Royal, Senior United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. Any objection is limited to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. The parties may seek an extension of time to file written objections, provided a extension request is filed before the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional violation claims against Defendant Cochran it is accordingly **ORDERED** that service be made on that Defendant and that he file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the PLRA. Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

All parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of an address change may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendant is similarly advised that he is expected to diligently defend all allegations made against him and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and at what address, and when and how service was made.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendant from whom discovery is sought by the Plaintiff. Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that**

**failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

**IT IS HEREBY ORDERED** that discovery (including depositions and service of written discovery requests) shall be completed within 90 days of the date of the filing of an answer or dispositive motion by Defendant (whichever comes first) unless an extension is granted by the court upon a showing of good cause or a protective order is sought by the Defendant and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to discovery not directed to him or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the Court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Fed. R. Civ. P. 34 may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

**REQUESTS FOR DISMISSAL AND/OR JUDGMENT**

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED AND RECOMMENDED,** this 17th day of August, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE

**REQUIRED DISCLOSURE OF THE EXISTENCE OF VIDEO OR PHOTOGRAPHIC EVIDENCE WHEN PLAINTIFF FILES SUIT AGAINST ONE OR MORE GEORGIA DEPARTMENT OF CORRECTIONS EMPLOYEES RELATING TO EVENTS THAT OCCURRED DURING PLAINTIFF'S INCARCERATION WITHIN THE GEORGIA DEPARTMENT OF CORRECTIONS**

Counsel for Defendant shall confer with Defendant and with appropriate Georgia Department of Corrections ("GDC") staff, and no later than 30 days from the date of entry of this Required Disclosure file the following disclosures:

(1) State whether, at the time of the incident alleged in the complaint, the facility had stationary or mounted cameras in the area where that incident allegedly occurred.

(2) If so, state whether those cameras recorded the events alleged by Plaintiff, whether those recordings have been preserved, and the identity of the custodian of the recordings. If the recordings have not been preserved, explain in detail why.

(3) State whether body-worn or handheld cameras recorded the events alleged by Plaintiff, whether those recordings have been preserved, and identify the custodian of the recordings. If the recordings have not been preserved, explain in detail why.

(4) If Plaintiff complains of a use of force (either anticipated, spontaneous, or unanticipated) as that term is defined in the GDC Standard Operating Procedure, Use of Video Recording Equipment, Policy No. 204.11, and the GDC Standard Operating Procedure, Use of Force and Restraint for Offender Control, Policy No. 209.04, identify the custodian of any recordings of the events alleged. If there are no available recordings, explain in detail why the events were not recorded or, if recorded but no longer available, why the recordings were not preserved.

(5) Identify all GDC employees contacted to gather the information required by this disclosure.

Counsel is directed to preserve all video recordings and any photographs that may have captured the events giving rise to the complaint. Failure to do so may result in the imposition of sanctions.