**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| GRADY TAYLOR, JR., | : | |
| Plaintiff, | : | |
| v. | : | Case No. 5:26-cv-18-CAR-AGH |
| Sheriff JOEL COCHRAN, *et al.*, | : | |
| Defendants. | : | |

# ORDER

On January 14, 2026, Plaintiff filed a *pro se* civil rights complaint (ECF No. 1). On August 17, 2026, the Court conducted a preliminary review of Plaintiff's complaint and ordered service of the same upon Defendant Sheriff Joel Cochran. Order & R. 5-13, ECF No. 10. The Court found that Plaintiff stated a colorable conditions of confinement claim based on Defendant Cochran allegedly permitting Plaintiff to be put in a cell with human feces, but recommended dismissal of other claims. *Id.* at 5-7, 12. On September 22, 2026, Defendant Cochran filed a motion to dismiss (ECF No. 19). Now pending before the Court are Plaintiff's motion for leave to file an amended complaint (ECF No. 27), in response to Defendant Cochran's motion to dismiss, and a filing that the Court construes as Plaintiff's amended complaint (ECF No. 28).

Federal Rule of Civil Procedure 15 provides that a plaintiff may amend his complaint "once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after

service of a responsive pleading or 21 days after service of a motion under [Federal Rule of Civil Procedure] 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A)-(B). "After the time has expired in which a party could have amended as a matter of course, 'a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.'" *Rhiner v. Sec'y, Fla. Dep't of Corr.*, 817 F. App'x 769, 773 (11th Cir. 2020) (quoting Fed. R. Civ. P. 15(a)(1)-(2)). Additionally, pursuant to Rule 20, persons may be joined in one action as defendants if the following criteria are met: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A)-(B). A motion to amend a complaint to join additional parties also implicates Rule 21, which states that "the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. The standard for deciding a motion for leave to add parties under Rule 21 is the same as the standard under Rule 15(a) for a motion seeking leave to file an amended complaint. *Loggerhead Turtle v. Cnty. Council of Volusia Cnty., Fla.*, 148 F.3d 1231, 1255 (11th Cir. 1998). Thus,

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Id.* (alteration in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, Plaintiff filed his motion for leave to file an amended complaint and what the Court construes as his amended complaint within twenty-one days of the filing of Defendant Cochran's motion to dismiss. Thus, leave of Court to amend is not required. Fed. R. Civ. P. 15(a)(1)-(2).

In his motion and amended complaint, Plaintiff seeks to add Defendant Captain Amy Watson. Mot. for Leave to Am.; Am. Compl 3. The allegations against Defendant Watson are also related to the allegations against Defendant Cochran. Specifically, Plaintiff alleges that Defendant Watson was the officer who physically placed Plaintiff in the cell that is alleged to have contained human waste and had not been cleaned in years. Am. Compl. 1 ("I was put in that cell by Capt Amy Watson"). Based on the Court's prior preliminary screening finding that Plaintiff plausibly alleged a conditions of confinement claim against Defendant Cochran, the Court now finds that Plaintiff has plausibly stated a claim against Defendant Watson. Consequently, Plaintiff's motion for leave to amend his complaint (ECF No. 27) is **GRANTED** such that Defendant Watson is added as a Defendant in this civil action, and ECF No. 28 is considered the operative amended complaint.

Having found that Plaintiff has made a colorable constitutional violation claim against Defendant Captain Amy Watson at the Washington County Jail, counsel for Defendant Cochran may waive service for Defendant Watson **within fourteen days** of the date of this Order. If Defendant Watson waives service, her answer or other responsive pleading shall be filed within sixty days of such waiver. Should counsel for Defendant Cochran fail or be unable to waive service for Defendant Watson, the

Court will initiate service upon Defendant Watson in accordance with the Federal Rules of Civil Procedure.[1]

In summary, Plaintiff's motion for leave to amend (ECF No. 27) is granted. Plaintiff's operative amended complaint (ECF No. 28) states a colorable conditions of confinement claim against Defendant Captain Amy Watson of the Washington County Jail, together with Defendant Cochran. Counsel for Defendant Cochran may file a waiver of service for Defendant Watson within fourteen days of the date of this Order, and if such waiver is filed, Defendant Watson shall file an answer or other responsive pleading within sixty days of the filing of a waiver. Failing such waiver of service, the Court will initiate service on Defendant Watson. Finally, Defendant Cochran's motion to dismiss (ECF No. 19) is terminated in light of Plaintiff's amended complaint. Defendant Cochran may file any answer or other responsive pleading (or refile his motion to dismiss) at the same time as Defendant Watson.

SO ORDERED, this 28th day of October, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE

[1] The Clerk is also **directed** to terminate Defendant Cochran's motion to dismiss (ECF No. 19). While the Court recognizes that at least some of Defendant Cochran's asserted defenses may survive Plaintiff's amended complaint, for judicial economy and in an attempt to consolidate deadlines in this case, Defendant Cochran's deadlines are continued to the same timeline as Defendant Watson. Discovery continues to be stayed pending the filing of an answer or answers by Defendants. If either Defendant again files a motion to dismiss, discovery shall remain stayed pending ruling on the motion to dismiss.